IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONNELL SAQUAN BARNES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00435 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RED ONION STATE PRISON | ) | |
| MEDICAL DEPT. STAFF (ALL), | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Plaintiff Donnell Saquan Barnes, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the "Red Onion State Prison Medical Department Staff (All)," alleging that he was overcharged for a sick call request and denied pain medication for a toothache.[1] I find that the "Red Onion State Prison Medical Department Staff (All)," is not a proper defendant to a § 1983 action. Accordingly, I will dismiss Barnes' complaint pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Use of the term "medical staff," or the equivalent, as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Singletary v. Assistant Warden Fallen*, No. 0:11-543, 2011 U.S. Dist. LEXIS 70194 (D.S.C. June 3, 2011) ("Medical Staff is not a proper defendant upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this court."); *Barnes v. Baskerville Corr. Cen. Med.*

---

[1] Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." In this case, Barnes names only the "Red Onion State Prison Medical Department Staff (All)" as a defendant to this action.

*Staff*, No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726 (E.D. Va. June 25, 2008) (finding that medical staff is not a specified person for purposes of § 1983); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 U.S. Dist. LEXIS 8295 (S.D.N.Y. June 20, 1991) (concluding that the "Otisville Correctional Facility Medical Staff" is not a person for purposes of § 1983). Inasmuch as Barnes has failed to name a proper defendant, I will dismiss this case without prejudice to his opportunity to refile his claims, in a separate action, against proper defendants.

**ENTER**: This 9th day of January, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE